## JACOBS v. F. V. SMITH CONTRACTING CO.

### (Supreme Court, Appellate Term.   December 16, 1908.)

1. TRIAL (§ 165*)—MOTION TO DISMISS—EFFECT OF PLAINTIFF'S CASE.

   On defendant's motion to dismiss the complaint at the close of plaintiff's case, testimony of plaintiff and his witnesses must be taken as true, and all fair inferences deducible therefrom must be deemed established in his favor.

   [Ed. Note.—For other cases, see Trial, Cent. Dig. § 374; Dec. Dig. § 165.*]

2. MUNICIPAL CORPORATIONS (§ 809*)—EXCAVATION IN STREET—DUTY TO TRAVELERS.

   One rightfully excavating in a street must conduct the work prudently and carefully, and take reasonable precautions to avoid injury to persons passing along the street, and should not obstruct passage through the street without warning to persons using it.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1689; Dec. Dig. § 809.*]

3. MUNICIPAL CORPORATIONS (§ 821*) — STREETS — EXCAVATIONS — INJURY TO TRAVELER—NONSUIT IMPROPER.

   Under the evidence in an action for injury to a traveler in a street caused by a rock removed by defendant in making an excavation, hold improper to dismiss the complaint; whether defendant was negligent and plaintiff was guilty of contributory negligence being for the court or jury.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1747, 1752, 1754–1756; Dec. Dig. § 821.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Rudolph Jacobs against the F. V. Smith Contracting Company. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Cornelius J. Earley, for appellant.

Winter & Winter, for respondent.

HENDRICK, J. The gravamen of this action is damages to property caused by the alleged negligence of the defendant. At the close of the plaintiff's case, on motion of the defendant, the court dismissed the complaint. In such a case the testimony of the plaintiff and his witnesses must be taken as true, and all the fair and reasonable inferences to be drawn therefrom must be deemed established in his favor. The following are the facts shown: On December 17, 1907, the plaintiff, who was the owner of a horse and hansom cab, was driving from Ninth avenue into Thirty-Eighth street, intending to pass through said street east to Eighth avenue. The defendant was engaged in excavating upon the north side of Thirty-Eighth street near the corner, and had thrown up an embankment or pile of dirt about six feet high, and extending to within about six feet of the curb on the south side of the street. As the plaintiff went around the corner and proceeded to drive along the right side of the street between the pile of dirt and the curb, a large stone, either then thrown out of the ditch

by the laborers there engaged in the work, or carelessly left lying on top of the pile of dirt by such workmen, suddenly rolled down the embankment, and either struck the left wheel of the cab, or rolled underneath the wheel in such a position that the wheel immediately passed over it, thus throwing the cab over, and causing the injuries complained of.

The plaintiff saw the stone as it came rolling down, but was unable to stop in time to avoid it. He was apparently driving in a careful manner along the street in which he had a right to pass, and the accident occurred suddenly and without warning of any kind. So far as appears from the testimony, the defendant had no right to engage in the work being done, and, if it had such right, it was bound to conduct such work in a prudent and careful manner, and take reasonable precautions that persons passing along the street should not be injured, and that passage through the street should not be obstructed without warning to persons using it. The plaintiff had no intimation of danger until he saw the stone rolling down the hill. One of plaintiff's witnesses testifies that he saw the stone "come out of the hole and hit the top of the pile, and roll down underneath the hansom's wheel." · The mere narration of the facts leads to a fair inference that the accident could not have occurred if the defendant had exercised proper care while engaged in its work. At the least, the defendant was called upon to explain its conduct in the prosecution of the work in the street, and it was for the court or jury to pass upon the negligence of the defendant and the freedom from negligence of the plaintiff. The nonsuit was error. Much of the brief of the defendant is devoted to a discussion of isolated portions of the testimony which taken alone would in a measure support the defendant's contention. Such a discussion might be proper before a court or jury when the testimony is submitted to them, but has no value in the case of a non-suit where the rule heretofore mentioned must be applied.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.